## 1530. SOUTHERN STATES PORTLAND CEMENT COMPANY v. HELMS.

The motion for a new trial rests solely on the ground that there is no evidence to support the verdict. An inspection of the record discloses that this contention is not well taken.

Action for damages, from city court of Polk county—Judge Irwin. November 3, 1908.

Argued January 27,—Decided May 4, 1909.

*J. L. Tison,* for plaintiff in error.

*Janes & Hutchens,* contra.

POWELL, J. This case previously came to this court on demurrer, and we held that the petition set out a cause of action. *Southern States Portland Cement Co.* v. *Helms,* 2 *Ga. App.* 308 (58 S. E. 524). The case then proceeded to trial and resulted in a verdict in favor of the plaintiff. The case comes here again on exceptions to the refusal of the trial judge to grant a nonsuit, and to the overruling of a motion for a new trial, based on the general grounds alone. It is never necessary to pass upon a refusal to grant a nonsuit where the record contains the exception that the verdict is without evidence to support it, since the latter exception raises the whole question more adequately than an exception to the overruling of a motion for nonsuit would present it. Even if the motion for nonsuit was well taken at the time it was made, and was therefore improperly overruled, yet if the subsequent testimony cured the deficiency in the plaintiff's proof, the judgment would not be reversed because the court refused to grant the nonsuit at the time the motion was made. On the other hand, if the subsequent testimony did not cure the deficiency, a verdict in favor of the plaintiff would be without evidence to support it, and would be set aside on that ground. So there is never any need to except to the refusal of a nonsuit where the case has resulted in a verdict in favor of the plaintiff, and the defendant has excepted to the verdict on the ground that it is without evidence to support it.

The evidence in this case is conflicting as to almost every material question of fact, but, construing it most favorably to the plaintiff, it will support the verdict. This court has no power to interfere with the action of the jury and of the trial judge upon the mere question of fact involved.　　.　*Judgment affirmed.*